

# IN THE 17TH JUDICIAL CIRCUIT COURT, JOHNSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>WILLIAM B COLLINS | Case Number: 16JO-CC00119 |
| Plaintiff/Petitioner:<br>CHRISTOPHER LEE SNAPP<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN W STAPLETON JR<br>1251 NW Briarcliff Parkway<br>SUITE 95<br>KANSAS CITY, MO 64116 |
| Defendant/Respondent:<br>CHARLES M HEISS | Court Address:<br>JOHNSON COUNTY JUSTICE CENTER<br>101 WEST MARKET<br>WARRENSBURG, MO 64093 |
| Nature of Suit:<br>CC Pers Injury-Other | |

**EXHIBIT 3**

(Date File Stamp)

**\*\*ALIAS\*\*  Summons in Civil Case**

The State of Missouri to: AUBRIE DUVALL
Alias:
278 SW 871
CENTERVIEW, MO 64019

**COURT SEAL OF JOHNSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

JANUARY 17, 2017         /S/ A. ERLER
Date                      Clerk

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
[X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
[ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
[ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
[ ] other _____
Served at 278 S.W. 871 Centerview MO (address)
in Johnson (County/City of St. Louis), MO, on 1/26/2017 (date) at 11:30 A (time).

Printed Name of Sheriff or Server / Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
                        Date              Notary Public

**Sheriff's Fees**
Summons           $
Non Est           $
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage           $_____ (____ miles @ $_____ per mile)
Total             $

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 17-SMCC-27    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.0 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00131-RK   Document 1-3   Filed 02/23/17   Page 1 of 10

# IN THE CIRCUIT COURT OF JOHNSON COUNTY, MISSOURI

CHRISTOPHER SNAPP, )
10914 E 71st Terrace )
Kansas City, MO 64133 )
                                     Plaintiff, )
v. ) Case No.
                                                    )
CHARLES M. HEISS, In an official and ) Division No.
individual capacity as Johnson County, MO Sheriff )
278 SW 871 ) **JURY TRIAL DEMANDED**
Centerview, Missouri 64019 )
                                                    )
AUBRIE DUVALL, In an official and )
individual capacity as Jail Administrator )
278 SW 871 )
Centerview, Missouri 64019 )
         )
JANE / JOHN DOE(S), )
In an official and individual capacity as )
Control Center Supervisor )
135 W Market St )
Warrensburg, MO 64093 )
         )
JANE / JOHN DOE(S) II, )
In an official and individual capacity as )
Detention Officer )
135 W Market St )
Warrensburg, MO 64093 )
         )
JANE / JOHN DOE(S) III, )
In an official and individual capacity as )
Facility Nurse )
135 W Market St )
Warrensburg, MO 64093 )
         )
                                                 Defendants. )

## PETITION FOR DAMAGES FOR DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

COMES NOW Plaintiff, by and through counsel, and for his Petition for Damages for Deliberate Indifference to a Serious Medical Need in Violation of the Eighth Amendment and 42 U.S.C. §1983 states as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff, Christopher Snapp (hereinafter "Plaintiff"), is an adult resident of Kansas City, Jackson County, Missouri.

2. In 2000, Plaintiff suffered crippling injuries in an automobile accident, confining him to a wheelchair.

3. On August 30, 2014, Plaintiff was booked and detained by the Johnson County Sheriff's Office at the request of the Lee's Summit Police Department for outstanding city and municipal warrants related to traffic violations.

4. Plaintiff was initially processed at the Johnson County Sheriff's Office before being booked and held at the Johnson County Detention Facility located at 278 SW 871, Centerview, Johnson County, Missouri (hereinafter "Detention Facility").

5. During the booking process, it was noted on intake forms Plaintiff was paralyzed, in a wheel chair, with a colostomy bag, Foley catheter, bladder issues, blood disorders, recent hip surgery and metal implants in his back and arm.

6. Defendant Jane / Joe Doe(s) I (hereinafter "Defendant Supervisor"), at all times hereinafter mentioned, were believed to be residents of Johnson County, Missouri, employed as

2

Control Center Supervisors by the Johnson County Sheriff's Department at the Detention Facility on one or more of the dates of July 24, 2014 through September 3, 2014.

7. Defendant Jane / Joe Doe(s) II (hereinafter "Defendant Officer"), at all times hereinafter mentioned, were believed to be residents of Johnson County, Missouri, employed as Detention Officers by the Johnson County Sheriff's Department at the Detention Facility on one or more of the dates of July 24, 2014 through September 3, 2014.

8. Defendant Jane / Joe Doe(s) III (hereinafter "Defendant Nurse"), at all times hereinafter mentioned, were believed to be residents of Johnson County, Missouri, employed as a nurse by the Johnson County Sheriff's Department at the Detention Facility on one or more date of July 24, 2014 through September 3, 2014.

9. Defendants, acting individually and/or in their respective official capacities, under color of state law, violated and deprived Plaintiff of rights secured by the United States Constitution by failing to respond to Plaintiff's medical needs and denying or delaying access to medical care, more specifically, the prohibition against cruel and unusual punishment under the Eighth Amendment, and the due process protections of the Fifth and Fourteenth Amendments; and therefore, Plaintiff's action is brought pursuant to 42 U.S.C. §1983.

10. All acts as complained of herein occurred at the Johnson County Detention Facility located at 135 W Street in Warrensburg, Johnson County, Missouri; jurisdiction and venue are proper.

## COUNT I
## DELIBERATE INDIFFERENCE

COMES NOW Plaintiff, and for his cause of action under Count I against Defendants states as follows:

3

11. Plaintiff realleges and incorporates as if fully set out herein, the General Allegations as set forth in paragraphs 1 to 12 of this Petition for Damages.

12. At the time of booking, Plaintiff made Defendants aware of unique needs of care, including but not limited:

    a. wheelchair confinement;

    b. urinary and bladder issues;

    c. colostomy; and

    d. special support requirements for surgically implanted back braces.

13. Plaintiff required clean and sterile medical supplies including but not limited to colostomy bags, as well as a special mattress.

14. Despite Plaintiff's repeated requests for physician evaluation, diagnostic testing, proper medical supplies, as well as Plaintiff's declining physical condition, requests were ignored and/or not timely addressed by Defendants.

15. Plaintiff needing to replace his colostomy bag with a clean sterile bag, was advised by Defendants to "wash out and reuse the bag" and to "stop faking".

16. Plaintiff began experiencing fever-like symptoms, his condition deteriorated resulting in lethargy, loss of appetite, vomiting and fever in excess of 103 degrees requiring Plaintiff to be rushed to Western Missouri Medical Center.

17. Upon arrival, Plaintiff's condition was evaluated as critical and beyond that which could be handled at the Medical Center as Plaintiff was in critical condition requiring specialized treatment and surgery. Plaintiff was subsequently transferred to St Luke's Medical Center for treatment.

18. Had Plaintiff received prompt and appropriate medical supplies and attention, his near death experience, hospitalization, surgical intervention and rehabilitation could have been avoided.

19. Plaintiff's condition, need for medical evaluation, as well as his need for supplies were obvious and constituted a serious medical need within the meaning of the Eighth Amendment to the United States Constitution.

20. As a direct and proximate result of Defendant's deliberate indifference to Plaintiff's serious medical needs, which constituted the infliction of cruel and unusual punishment, Plaintiff experienced physical injuries, severe pain and emotional distress (non-diagnosed, "garden variety"), as well as incurring attorney's fees in an effort to vindicate his rights.

WHEREFORE, Plaintiff prays for judgment against Defendants in such amount as is fair and reasonable to compensate him for his injuries; and Plaintiff prays for punitive damages in such amount as is sufficient to deter similar conduct by them in the future towards persons similarly situated. Plaintiff further requests against all Defendants; for attorney's fees pursuant to 42 U.S.C. Section 1983; and for such other or further relief as this Court deems just and proper.

## COUNT II
## NEGLIGENCE

COMES NOW Plaintiff, and for his cause of action under Count II against Defendants states as follows:

21. Plaintiff realleges and incorporates as if fully set out herein, the General Allegations as set forth in paragraphs 1 to 10 of Petition for Damages.

22. Defendant Supervisor, Defendant Officer, and Defendant Nurse knew or should

5

have known that Plaintiff was in serious need of medical supplies and attention.

23. Each of them, by virtue of their positions over Plaintiff, had a duty to advise appropriate authorities that Plaintiff required medical supplies and attention, or alternatively to otherwise ensure that Plaintiff received medical supplies and evaluation by qualified medical staff.

24. Defendant Nurse owed a duty to Plaintiff to use that degree of skill and learning ordinarily used by members of their profession.

25. Defendant Nurse breached that duty in the following respects:

   a. Failing to properly diagnose Plaintiff's condition, when a nurse using the appropriate degree of skill and learning would have recognized the same;

   b. Failing to order appropriate diagnostic tests to determine the cause of Plaintiff's condition

   c. Failing to order or secure medical supplies as required by Plaintiff's medical condition; and

   d. Failing to refer Plaintiff to a medical professional with the skill and ability to properly diagnose and treat Plaintiff's medical condition.

26. Defendants knew or should have known of the need, yet ignored or chose not to properly address, or bring to the attention of the Administrator or Sheriff, the medical necessities of Plaintiff.

27. As a direct and proximate cause, Plaintiff experienced physical injuries, severe pain, and emotional distress (non-diagnosed, "garden variety").

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants in such amount as is fair and reasonable; and for such other and further relief as deemed just in the

premises.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983

COMES NOW Plaintiff, and for his cause of action under Count III against Defendants Heiss and Duvall state as follows:

28. Plaintiff realleges and incorporates as if fully set out herein, the General Allegations as set forth in paragraphs 1 to 10 of Petition for Damages.

29. At all times hereinafter mentioned, Defendants Heiss and Duvall were clothed with the rights, powers and privileges of the State of Missouri, Johnson County, Missouri and were therefore acting under color of law within the meaning of 42 U.S.C. §1983.

30. Policy making authority and training were delegated to defendants Heiss and Duvall for the Johnson County Sheriff's Department.

31. Prior to the action of defendants John and Jane Doe(s) as identified herein, the Sheriff and the County's Administrator were deliberately indifferent to Plaintiff's rights and the rights of others similarly situated.

32. The actions and/or inactions of the County Sherriff and its Administrator were the moving force behind the deprivation of constitutional rights experienced by Plaintiff, and behind the deprivation of Plaintiff's rights under 42 U.S.C. §1983, and Defendants Heiss and Duvall are responsible for those deprivations.

33. Specifically, both Heiss and Duvall are liable for the violations of Plaintiff's rights as each tolerated a widespread practice of unconstitutional behavior, namely, deliberate indifference to serious medical need and failed to require a meaningful process of investigation and review of inmate complaints.

Electronically Filed - Johnson - May 04, 2016 - 04:15 PM

34. As a direct and proximate cause, Plaintiff experienced physical injuries, severe pain, and emotional distress (non-diagnosed, "garden variety").

WHEREFORE, Plaintiff prays for judgment against Defendants in such amount as is fair and reasonable to compensate him for his injuries; and Plaintiff prays for punitive damages in such amount as is sufficient to deter similar conduct by them in the future towards persons similarly situated. Plaintiff further requests against all Defendants; for attorney's fees pursuant to 42 U.S.C. Section 1983; and for such other or further relief as this Court deems just and proper.

Respectfully Submitted,

Lyle M. Gregory, MO Bar No. 40856
GREGORY & ASSOCIATES
309 S Washington
Raymore, MO 64083
Phone: (816) 331-8767
Fax: (816) 331-9967
E-Mail: kctryit@earthlink.net

and

John W. Stapleton, Jr., MO Bar No. 36170
STAPLETON LAW FIRM
1251 NW Briarcliff Parkway, Suite 95
Kansas City, MO 64116
Phone: (816) 221-7600
Fax: (816) 221-2953
E-Mail: johnstapleton@peoplepc.com

**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT OF JOHNSON COUNTY, MISSOURI

| | |
|---|---|
| CHRISTOPHER SNAPP, | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 16JO-CC00119 |
| | )   Division No. |
| CHARLES M HEISS, et al., | ) |
| | ) |
|        Defendants. | ) |

### REQUEST FOR ISSUANCE OF ALIAS SUMMONS AND FOR ORDER APPOINTING SPECIAL PROCESS SERVER

COMES NOW Plaintiff, and requests the issuance of Summons for Defendants Charles M Heiss and Aubrie Duvall. Plaintiff also requests an order appointing Greg Hulver, Hulver & Associates, P.O. Box 2257, Lee's Summit, MO 64063, as Special Process Server per Supreme Court Rule 54.13 and RSMo 506.140, to serve the Summons and Petition for Damages for the reason that multiple attempts and/or hours outside of the normal business day may be required to effectuate service.

John W. Stapleton, Jr., MO Bar No. 36170
STAPLETON LAW FIRM
1251 NW Briarcliff Parkway, Suite 95
Kansas City, Missouri 64116
Phone: (816) 221-7600
Fax:   (816) 221-2953
johnstapleton@peoplepc.com
ATTORNEY FOR PLAINTIFF

### ORDER APPOINTING SPECIAL PROCESS SERVER

For good cause shown, it is hereby ordered that the above-named individual is appointed Special Process Server to serve the Summons and Petition on Defendants in this cause.

*FILED*
*JOHNSON COUNTY, MO*
*1/17/2017*
*STEPHANIE ELKINS*
*CLERK-CIRCUIT COURT*

JOHNSON
~~JACKSON~~ JOHNSON COUNTY CIRCUIT CLERK
*STEPHANIE ELKINS*

JANUARY 17, 2017
     Date

/S/ A. ERLER
     BY DEPUTY CLERK